The opinion of the Court was delivered by
Withers, J.
By the Act of Congress, “ The records and judicial proceedings of the Courts of any State shall be proved, or admitted, in any other Court within the United States, by the attestation of the Clerk and the Seal of the Court annexed, if there be a Seal; together with the certificate of the Judge, *176 Chief Justice, or presiding Magistrate, (as the ease may he,) that the said attestation is in due form.”
What shall be the form of the attestation by the Clerk, or ivhat it shall contain, is not prescribed, neither, indeed could it. be. Too variant for that are the subject matters — (Records and Judicial proceedings) — too variant are the forms which those matters take in the different States of the American Confederacy, to admit of a rigid prescription of the form of the Clerk’s attestation. Moreover, it is manifest, that attestation with seal, and without, were in contemplation. It results, that the attestation of the Clerk is in “dueform,” when it is according to the proper form, by Statute law or practice, of the State, or the Court from which the exemplification comes. Whether stich attestation be in proper form is, therefore, to be known only by the certificate of the presiding Judge, &c. When he says it is in due form, by a certificate, it is so. If less virtue than this be attributed to the certificate of the presiding Judge, Chief Justice, &e., the provision of the Constitution of tlie United States, and the Act of Congress, already cited, which was designed to carry it out, would prove of very little avail; since the highest degree of certainty in the grade of such evidence cannot be attained, and the' knowledge of the vast varieties of forms of attestation existing in thirty-one States, can be known to no judge or witness.
It has,- accordingly, been said by Washington, J., in Craig vs. Brown, 1 Peters, C. C. R. 352, as follows: — “Each State has a form of its own for authenticating records, prescribed either by positive law, or by practice; and to make those records evidence in the other States, Congress has thought proper to declare that the attestation must be, not according to the form used in the State where it is offered, or to any other form generally observed, but to that of the State or the Court from whence the record comes; and the only evidence of the fact is the certificate of the presiding Judge of the Court.” This is inferred from the fact that Congfess has prescribed no form. *177 With this agrees the Maryland doctrine; vide, Regan vs. McCormick, Har. 435.
The attestation, then, in this case, is in “ due formthat is, it has full virtue, as to form, to authenticate what it purports to authenticate. What is that? Certain words and figures remaining on file, among the files of the Superior Court of the City of New York, in a cause wherein Henry Schoonmaker is plaintiff, and Wm. B. Lloyd is defendant, says the attestation at the beginning; all which we have caused to be exemplified, according to the Act of Congress, &c., says the attestation, at the end of the document.
The first objection is, that there is a blank where there should have been, record or judgment, or some other word.
No doubt there has been an omission to fill up the blank. Is that fatal to the paper produced as evidence? We think not. Without any violence to the plain meaning of the language, three words may be omitted, and we shall read, “ We, having inspected the files of the Superior Court of the City of New York, do find there remaining on file — in a cause wherein Henry Schoonmaker is plaintiff, and William B. Lloyd is defendant, the words and figures following, to wdtThen follows a transcript of a complete record from the summons to the judgment, both inclusive. We may reasonably infer, (without looking into the matter transcribed, which would probably be irregular in order to add any thing to the attestation of the Clerk,) that he has in fact said, that a record is exemplified— for the certificate professes to éxhibit the words and figures in a cfluse where these parties occupied their present relation of plaintiff and defendant. Gibson, Justice, said in -- vs. Scott, 14 Penn. Rep. 20, “we are not to scrutinize the words of such a certificate (he was speaking of a Judge’s certificate) as we would those of an indictment, but to give them a reasonable interpretation, and above all not to wrest them- from their natural import.”
It is again objected, that we do not see enough to imply that *178 the present is a true and full copy. The words are “ in the words and figures following, to wit:” and, “all which we have caused to be exemplified,” &c. Exemplification means, “ a copy — a transcriptWharton’s Law Lexicon, (London, 1848.)
Every Court makes up its record in its own way. What may seem to be imperfect to one, may be quite complete according to the practice of another Court. We cannot assume that a keeper of judicial records would furnish a mutilated copy, and that his certificate of exemplification — that is a copy, a transcript — would be ratified as in due form by the presiding Judge of his Court, when it was appended to a mutilated copy, or exemplification. Many presumptions are quite indispensable that the course of human affairs may proceed. Among the rest (says Best, Evidence, Section 320, note,) it is a presicmptio juris et de jure, that the officers of Courts of Justice will make up their records accurately, and keep them from being tampered with; though this might not apply to all public books and documents'not of a judicial character. In Edmiston vs. Schwartz, 13 Sergeant & Rawle, 135, it is said by Gibson, J., the paper produced purporting to be truly copied from the records, iniports that it is an entire copy not an extract. “The rule is, that when it appears from the certificate that the pa'per is a copy from the record, it will be intended that it is the whole record; otherwise when it appears to be a mere extract from the minutes of the proceedings.” We think such considerations pertinent here, and an answer to this objection.
It is further objected, that for ought that appears, the judgment exemplified has been reversed upon appeal. It might as well be objected that perchance it has been satisfied, or was founded in fraud, and ought to be vacated. It is enough to observe that any such matter must be shown by the party interested to counteract the evidence. The same sort of objection might be urged as to the exemplification of a Statute, as that it may have been repealed or modified. It was, however, adjudged in North Carolina, (per Ruffin, J., 13 Ired. 120,) that *179 “ a transcript, once duly certified, is evidence at all times of tlie existence of a Statute,” (he was referring to one of South Carolina,) “ and of its being in force according to its terms, unless a repeal be shown.”
The objection derived from Lindenberger vs. Rosseau, 2 Tread, 743, that the certificate contained the name of Jones instead of Rosseau, does not seem to apply here; nor the other objection derived from McFarlane vs. Hanington, 2 Bay. 555, that the Judge’s certificate was on a separate piece of paper. The several pieces of paper, presenting the exemplification now in question, are united together by a string which latter is secured beneath the'wax which exhibits the impression of the seal. It would be difficult to abstract and substitute others without a rupture which would destroy identity.
In fine, in the whole class of cases to which this belongs, necessary presumptions must furnish an answer to the conjectures of possible fraud and imperfections. The whole theory of admitting secondary evidence of Records and Judicial proceedings, as well as Legislative acts of other States, is founded upon. this. The public seals, like National flags, are supposed to be recognized from their intrinsic evidence, by those who must encounter them. Yet, what do we in reality know of the genuineness of the sign-manual of a Judge, or of the impression of the Seal of his Court, from another State ? Either might be forged; and recent experience has shown, in certain proceedings at Washington, how this feat has been performed, upon a grand and complicated scale, by ingenious and daring villainy. Still the judicial affairs of life must go on, under all the hazards that attend them, and we must not presume the perpetration of a great crime by one, under procurement of another, however certain it is that the thing is quite practicable.
Upon the whole, though we perceive an irregularity, a certain degree of incompleteness, in the attestation of the exemplification here in question, yet it is not so serious as to prove fatal *180 to the paper as evidence, and we, therefore, approve the Circuit decision.
And the motion is dismissed.
ONeall, Wardlaw, Whitneb, Glover and Munro, JJ., concurred.
. Motion dismissed.